Peter J. **BRENNAN,** Secretary of Labor, United States Department of Labor, Plaintiff,

v.

**MORROW COUNTY BOARD OF COUNTY COMMISSIONERS et al.,** Defendants.

Civ. A. No. 74–232.

United States District Court, S. D. Ohio, E. D.

Jan. 27, 1975.

Benjamin T. Chinni, Cleveland, Ohio, for plaintiff.

Dean E. Curl, Mt. Gilead, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

The Secretary of Labor, as plaintiff, brought this action to enjoin defendants, all members of the Morrow County Board of County Commissioners, from violating the minimum wage overtime and record-keeping provisions of the Fair Labor Standards Act of 1938, as amended, (the "Act") 29 U.S.C. § 201 et seq., and to restrain defendants from withholding payment of unpaid minimum wages and overtime compensation allegedly due certain employees of an institution operated by defendants. Defendants now move this Court to dismiss the Complaint because of lack of jurisdiction over the subject matter involved and over the persons of the defendants and because of failure to state a claim upon which relief can be granted. The basis for the motion is defendants' contention that they are not "employers" within the meaning of the Act.

In relevant part the statute defines "employer" to be:

any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or any State or political subdivision of a State (*except* with respect to employees of a State or political subdivision thereof, employed (1) in a hospital, institution, or school referred to in the last sentence of subsection (r) of this section) . . . (emphasis supplied).

29 U.S.C. § 203(d).

Subsection (r) in turn provides, *inter alia* for coverage of employees of "an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution . . . ." 29 U.S.C. § 203(r)(1). The precise question before the Court, then, is whether the Morrow County Home operated by defendants is

"an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution." Defendants contend that it is not; the home, they argue, is simply a place where public charges of the County can be placed when they have no other place to go because of lack of family or of disinterest by any family they might have.

■ To aid the Court in its determination of this question, counsel for both sides have submitted a stipulated statement on the background of the inhabitants of the County Home during the period in issue (May 1, 1971, to May 17, 1974), in terms of their age and their mental and physical health. This statement leads the Court to conclude that the Morrow County Home is indeed "an institution primarily engaged in the care of the sick, the aged, and the mentally ill or defective" as provided in the Act. A case-by-case review of the thirty residents of the home during the relevant time period reveals the following profile: of the thirty residents considered, twenty are over 60 years old and four of the remaining ten residents are between 50 and 60 years of age; almost half (13 of the 30) of the residents have some kind of mental problem requiring daily supervision, including three of the four residents between 50 and 60 and two of the three persons who are in their twenties. The Court does not wish to belabor each of the individual cases; it is sufficient to say that in its opinion an overall view of the county home supports the conclusion that the home is an institution engaged in the care of the sick, aged and mentally ill or defective.

This conclusion finds support not only in the stipulations themselves but also in the approach that the Supreme Court has taken toward claimed exemptions. In Mitchell v. Kentucky Finance Co., 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959), in holding that the employees of a small loan company were covered, the Court observed:

'Where it was intended that such businesses have an exemption one was spe-

cifically provided for by the law . . . .' *It is well settled that exemptions from the Fair Labor Standards Act are to be narrowly construed.* (Emphasis supplied.)

*Mitchell, supra,* at 295, 79 S.Ct. at 759. See also Schultz v. W. R. Hartin & Son, Inc., 428 F.2d 186, 189 (4th Cir. 1970).

Finally, the Court finds support for its conclusion in an opinion letter issued by the Wage-Hour Administrator shortly after the 1966 Amendment[1] became effective. There it was stated:

> An establishment which is an 'institution (other than a hospital) primarily engaged in the care of the sick, the aged, or the mentally ill or defective on the premises' is an establishment primarily providing domiciliary care to individuals who may live or stay on the premises indefinitely or for periods of some length and who, if suffering from physical or mental disturbance or infirmity or sickness of any kind, will at most times require only general treatment and observation of a less critical nature than that provided by a hospital. Institutions of this type include those generally known as nursing homes, rest homes, convalescent homes, homes for the elderly and infirm, and the like.

 While I recognize that courts are *not bound by* interpretative bulletins or administrative opinions, it has long been settled that they are entitled to careful consideration. In Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944), the Supreme Court stated:

> We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, *do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.* 323 U.

S. at 140, 65 S.Ct. at 164. (Emphasis supplied.)

Certainly, the Morrow County home can be described as an "establishment primarily providing domiciliary care to individuals who may live or stay on the premises indefinitely or for periods of some length and who, if suffering from physical or mental disturbance or infirmity or sickness of any kind, will at most times require only general treatment and observation of a less critical nature than that provided by a hospital." While the home may also house persons who are indigents as defendants contend, this does not destroy its overriding character as an institution where the sick, the aged, the mentally ill or defective reside; a home for the sick, the aged, the mentally ill or defective is no less such because its residents also happen to be indigent.

Accordingly, defendants' motion to dismiss is denied.

It is so ordered.

---

1. As the Act was originally adopted in 1938, the term "employer" was defined so as to exclude a state or any of its political subdivisions. It was the 1966 amendment to 29 U.S.C. § 203(d) which restricted the exemption provided so as to include employees of a state institution such as the one involved in this action.